# CIRCUIT COURT OF THE CITY OF ROANOKE

Blue Ridge Community Services

v.

Carol S. Beck

September 23, 1997

Case No. CH97-283

BY JUDGE ROBERT P. DOHERTY, JR.

The Petitioner, a community service agency, filed a Bill of Complaint for declaratory judgment asking the Court to determine that a hearing officer's decision in a grievance matter is inconsistent with law and policy pursuant to Va. Code § 2.1-116.07(C) and therefore not binding. Respondent employee asks that the Court uphold the hearing officer's decision to reinstate her to her former employment with back pay and benefits and that an order be entered requiring implementation of that decision. The court agrees with the position taken by the Respondent.

The grievance procedure set forth in Chapter 10.01 of Title 2.1 of the Code of Virginia is designed to encourage the resolution of employee problems and complaints. The final step in the grievance procedure is a hearing before a hearing officer, whose decision is "final and binding if consistent with law and policy." See § 2.1-116.07(C). The Petitioner argues that the hearing officer's decision was not consistent with law and policy because (1) he based his decision on an unwritten policy of the Petitioner, (2) because his decision dealt with statutorily non-grievable issues of the methods, means, and personnel by which work activities are to be carried on, and (3) because his decision was outside of the specific grievance filed.

(1) The argument of the Petitioner that a hearing officer did not limit himself to violations of written policy as listed in § 2.1-116.07(A) is not compelling. The list of grievable issues is not all inclusive. The code section says that a grievance shall involve employee complaints or disputes,

"including but not limited to . . ." the listed grievances. The complaint filed by the Respondent falls well within the definition of a grievance and is not prohibited by statute.

(2) The grievance and the finding of the hearing officer does not deal with "the methods, means, and personnel by which work activities are to be carried on," as argued by the Petitioner. Rather, it deals with the manner in which professional employees are consulted and considered insofar as scheduling is concerned. It is the violation of that policy, and not the scheduling itself, upon which the hearing officer based his decision.

(3) In this instance, the hearing officer found that there was an unwritten policy to be flexible in the adjustment of scheduling of professional employees' work hours and that the Petitioner arbitrarily rejected that policy when dealing with the Respondent. The agency head had previously determined that the employee complaint qualified as a legitimate grievance. That finding is within the range of reasonableness, given the breadth of the language used in the specification of the grievance written by the Respondent. The substance of the evidence and arguments presented at the hearing, as well as the decision of the hearing officer, are not outside of the scope of the specific grievance filed. The findings of the hearing officer, while perhaps not the same as this Court may have made, are reasonable, logical, and supported by the evidence.

The Court finds that the hearing officer's decision is final and binding. Mr. Lyons should prepare an order affirming the decision and directing Blue Ridge Community Services to comply with it.